UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OSCAR L.,[1] | )<br>) |
| Plaintiff, | ) No. 23-cv-1646<br>) |
| v. | )<br>) Magistrate Judge Keri L. Holleb Hotaling |
| MARTIN J. O'MALLEY, Commissioner<br>of the Social Security Administration, | )<br>)<br>) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Oscar L. appeals the denial of his application for disability benefits by the Commissioner ("Commissioner") of the Social Security Administration ("SSA"). For the reasons set forth below, Plaintiff's motion for summary judgment (Dkt. 15)[2] is GRANTED; Defendant's motion for summary judgment (Dkt. 19) is DENIED. The Commissioner's decision is reversed, and this matter is remanded for further proceedings consistent with this Memorandum Opinion and Order.

I.  **BACKGROUND**

A.  **Procedural History**

Plaintiff seeks review of the denial of his March 25, 2020 application for supplemental security income ("SSI"), in which he alleged disability stemming from severe clinical depression and panic disorder beginning on January 1, 2015. (Administrative Record ("R.") 221-29, 236-44.) Plaintiff later amended the alleged disability onset date to July 2019. (R. 348.) Following denials of his application at the initial and reconsideration levels and an ensuing Administrative Hearing

---

[1] In accordance with Northern District of Illinois Internal Operating Procedure 22, the Court refers to Plaintiff only by his first name and the first initial of his last name(s).

[2] The Court construes Plaintiff's Memorandum in Support of Remand of Final Administrative Decision of the Commissioner of Social Security (Dkt. 15) as a motion for summary judgment.

(R. 83-94, 95-105, 35-82), an Administrative Law Judge ("ALJ") issued an April 13, 2022 decision finding Plaintiff not disabled. (R. 15-30.) On January 10, 2023, the Appeals Counsel denied Plaintiff's request for review (R. 1-6), rendering the ALJ's decision the final decision of the Commissioner, reviewable by the district court under 42 U.S.C. § 405(g).

B. **Social Security Regulations and Standard of Review**

Pursuant to the Social Security Act, a person is disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1). To determine whether a claimant is disabled, an ALJ must apply a sequential five-step test. *See* 20 C.F.R. § 416.920(a)(4).

Judicial review of the ALJ's factual determinations is confined to ensuring those findings are supported by substantial evidence. *Martinez v. Kijakazi*, 71 F.4th 1076, 1079 (7th Cir. 2023) (citation omitted); *see also* 42 U.S.C. § 405(g). The ALJ need not "address every piece of evidence or testimony presented but must provide a logical bridge between the evidence and the conclusions so that [the court] can assess the validity of the agency's ultimate findings and afford the claimant meaningful judicial review." *Martinez*, 71 F.4th at 1080 (cleaned up). "Summaries of medical evidence, while definitionally 'partial and selective,' are appropriate." *Grotts v. Kijakazi*, 27 F.4th 1273, 1278-79 (7th Cir. 2022) (quoting *Gedatus v. Saul*, 994 F.3d 893, 903 (7th Cir. 2021)). That said, "an ALJ may not ignore an entire line of evidence contrary to [his] ruling." *Reinaas v. Saul*, 953 F.3d 461, 467 (7th Cir. 2020) (citation omitted)).

C. **The ALJ's Decision**

In her April 13, 2022 decision, the ALJ followed the standard five-step sequential process for determining disability. (R. 15-30.) At Step 1, the ALJ found Plaintiff had not engaged in substantial gainful activity since his application date of March 25, 2020. (R. 17.) At Step 2, the

2

ALJ found that Plaintiff had severe impairments of: major depressive disorder; generalized anxiety disorder; and benzodiazepine dependence. (R. 17.) At Step 3, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments of 20 C.F.R. Part 404, Subpart P, App'x 1. (R. 19.)

Before Step 4, the ALJ found that Plaintiff had the Residual Functional Capacity ("RFC") "to perform a full range of work at all exertional levels" with a variety of "nonexertional limitations" including that he could "never climb ladders, ropes, or scaffolds," or be exposed to "hazards such as unprotected heights and [] moving machinery." (R. 21.) She found Plaintiff was "capable of unskilled work, where he [] can learn, understand, remember and carry out simple work instructions[,] . . . make simple work-related decisions[,] . . . work with things and not with people as the focus of the work." (*Id.*) She provided limitations on interpersonal interactions and pacing and found Plaintiff able to "sustain attention and concentration to complete unskilled work tasks assuming typical breaks and lunch." (*Id.*)

At Step 4, the ALJ found Plaintiff had no past relevant work. (R. 29.) The ALJ considered Plaintiff's age (a younger individual) and "limited education," along with his brief work experience and RFC and determined jobs exist in significant numbers in the national economy that Plaintiff can perform. The ALJ therefore found Plaintiff not disabled.

## II. ANALYSIS

Plaintiff asserts: (1) the ALJ's analysis of his subjective symptoms was inadequate and patently wrong; and (2) the ALJ wrongly ignored and improperly discounted opinions of Plaintiff's mental health treatment providers.

Because the Court agrees with Plaintiff on two aspects of his first argument, the Court need not address his remaining arguments. The Court remains mindful that ALJs "are subject to only the most minimal of articulation requirements," *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th

3

Cir. 2024), but the ALJ nevertheless must "articulate at some minimal level h[er] analysis of the evidence." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) (cleaned up). "[A] remand may be warranted [where] the ALJ fails to adequately explain [the] subjective symptom analysis 'by discussing specific reasons supported by the record.'" *Sameria B. v. Saul*, No. 19-cv-4664, 2020 WL 4015333, at *3 (N.D. Ill. July 16, 2020); SSR 16-3p, 2017 WL 5180304, at *5, *7-8 (Oct. 25, 2017). In this analysis, the ALJ may not "mention[] only evidence favoring the denial of benefits." *Id.* at 888-89; *see also Reinaas*, 953 F.3d at 467. Here, the ALJ did not meet her minimal articulation burden to provide reasons supported by the record for her conclusions, preventing meaningful review.

The ALJ generally overviewed some of Plaintiff's mental health treatment records beginning in May 2018 and ending in September 2021, which showed some ebbing and flowing of Plaintiff's mental health symptoms. Plaintiff points out the ALJ: (1) cited no records between March 2020 and July 21, 2021; and (2) did not engage with evidence of Plaintiff's at-least daily panic attacks.[3] (Dkt. 15 at 16-18, 8-12).

The Commissioner, in his barely eight-page brief, entirely sidesteps the ALJ's failure to mention Plaintiff's mental health records between March 2020 and July 2021. As Plaintiff points out, although the ALJ mentioned some records prior to March 2020 and others after July 2021 (in total, the ALJ discussed approximately ten mental health records), the ALJ mentioned nothing about the period between March 2020 and July 2021 (thereby skipping over fifty therapy sessions

---

[3] The Court does not reach Plaintiff's related arguments that the ALJ failed to grapple with evidence of Plaintiff's "profound social isolation" or suicidal ideation or that the ALJ incorrectly characterized his treatment as rather conservative in nature. (Dkt. 15 at 8-10, 12-15.) These issues should be addressed upon remand. *See Oliver on behalf of D.O. v. Kijakazi*, No. 20 C 4982, 2021 WL 5299788, at *6 (N.D. Ill. Nov. 15, 2021) (remanding where ALJ failed to build logical bridge between evidence of suicidal ideation and his conclusions); *Anderson v. Saul*, No. 19-CV-1709, 2021 WL 926906, at *4 (E.D. Wis. Mar. 11, 2021) (characterizing error as "not merely semantic" but impermissible "play[ing] doctor" where ALJ characterized treatment with antidepressants and individual and group therapy as "minimal" without referencing medical evidence suggesting more aggressive treatment might be appropriate for one with claimant's symptoms) (quoting *Myles v. Astrue*, 582 F.3d 672, 677-78 (7th Cir. 2009)).

4

and half of Plaintiff's nurse practitioner's records, which included reports of "avoidant behaviors," "revert[ing]" to "deep hopelessness and helplessness," "disorganized thinking," apparent disorientation, "impaired executive functioning," and low energy, motivation, and engagement in sessions). Plaintiff argues—and the record supports—the overlooked records are replete with references to symptoms that *could* support Plaintiff's claim of disability.

Although the ALJ need not discuss all evidence in the record and permissibly may summarize or overview a voluminous record, the ALJ here neither mentioned the records nor summarized in any obvious fashion their content, and the Court can discern no reason for omitting reference to such a large portion of the records. Under the circumstances, without a fair overview of the record, this was error. *See, e.g., Margaret S. v. Saul*, No. 2:19-cv-00444-MJD-JPH, 2020 WL 4047568, at *6 (S.D. Ind. July 17, 2020) (holding ALJ erred in discussing just four records where years of other records indicated claimant experienced fluctuating symptoms of anxiety, depression, mood swings, frequent panic attacks); *Pamela K.S. v. Comm'r of Soc. Sec.*, No. 19-cv-1112-RJD, 2020 WL 4040908, at *11 (S.D. Ill. July 17, 2020) (finding, where "record contain[ed] years of medical records regarding [claimant's] impairments[,]" it was "both unfair and inaccurate to not integrate those medical records more thoroughly to create an adequate representation of [claimant's] complaints in comparison to the medical evidence").

Even if failing to reference most relevant records were not enough for remand, Plaintiff also is correct that the ALJ did not meaningfully discuss his panic attacks (which of course were among the symptoms mentioned within the sixteen months of overlooked records). The Commissioner in response insists the ALJ "discussed that plaintiff's medical providers routinely observed that plaintiff displayed no substantial signs of anxiety resulting in panic attacks." (Dkt. 20 at 3.) But this is inaccurate. First, although the ALJ stated, albeit without citing a supporting record, providers "routinely observed" Plaintiff "displayed no substantial signs of anxiety" (R. 26),

5

the ALJ never suggested Plaintiff's anxiety does not manifest in panic attacks. Second, in fact, the ALJ's own summary of the records undermines both the idea that mental health care providers "routinely observed" a lack of anxiety and any suggestion that Plaintiff had no panic attacks. Instead, the ALJ detailed records indicating Plaintiff, at various mental health sessions, had assessment scores "suggestive of severe anxiety" (R. 24), "demonstrat[ed] severe acute anxiety" (*id.*), showed "continued symptoms of . . . anxiety (*id.*), exhibited restlessness and jitteriness (*id.*), reported "anxi[ety]" (R. 25), presented with "anxiety with action or intervention required to address identified needs" (*id.*), and experienced a panic attack during a session (*id.*). The Court cannot trace the ALJ's reasoning from those descriptions of Plaintiff's mental health sessions to her conclusion that the foregoing constituted "routine[] observ[ations]" of "no substantial signs of anxiety." [4] (R. 24, 26.) Even if the reasoning were clearer, the ALJ's reference to comparatively few treatment records to support her conclusion while overlooking scores that contain evidence favorable to Plaintiff of others suggests cherry-picking. *See Anderson*, 2021 WL 926906, at *3-4.

The Commissioner finally defends the ALJ's apparent dismissal of Plaintiff's panic attack symptoms with references to mental health session records in which Plaintiff demonstrated "no marked memory impairment," was independent in daily living, and the like. (Dkt. 20 at 4.) But these do nothing to elucidate the ALJ's analysis of Plaintiff's panic attack symptoms[5]; it is not obvious to the Court in any event that daily panic attacks necessarily mean one would have marked

---

[4] The ALJ described no session notes overtly observing no symptoms of anxiety; even in notes from which the ALJ gleaned Plaintiff's therapeutic progress in some areas like expressing deep feelings (*see* R. 24 (citing R. 555)), the therapist indicated Plaintiff was "still exhibiting severe depressive [symptoms] and severe anxiety/panic." (R. 555.) Nor, in his defense of the ALJ's opinion, does the Commissioner point to any treatment records indicating no anxiety. Instead, the Commissioner cites conclusory opinions of the state agency consultants that Plaintiff's "allegations of the severity of anxiety were inconsistent with his ability to function." (Dkt. 20 at 3-4 (citing R. 90, 102).) This does not overtly reference panic attacks, and the Commissioner does not suggest the ALJ relied upon this in discounting any panic attack symptoms.

[5] The ALJ also did not discuss these grounds in relation to Plaintiff's panic attacks, and this Court confines its review to the grounds on which the ALJ based her related conclusions. *See, e.g., Jeske v. Saul*, 955 F.3d 583, 587 (7th Cir. 2020).

memory impairment or could not live independently. The ALJ never explained to what extent she believed Plaintiff's panic attacks affected his daily life or any potential work and never otherwise obviously accounted for Plaintiff's panic attacks in crafting the RFC. *See Sharon B. v. Kijakazi*, No. 20-cv-6910, 2023 WL 5096747, at *5 (N.D. Ill. Aug. 8, 2023) (remanding case because, "[a]lthough the ALJ is not required to accept Claimant's testimony about her pain or any other complaints without question, the ALJ must minimally explain why she did not fully credit Claimant's testimony and how she accommodated the limitations she did credit"); *Lorena T. v. Saul*, No. 18-cv-6348, 2020 WL 977967, at *4 (N.D. Ill. Feb. 28, 2020) ("Here, the ALJ seemed to reject [claimant's] allegations that she suffered from daily, debilitating panic attacks, but the ALJ did not discuss whether he found that she had panic attacks; the frequency, severity, or duration of the panic attacks if she did have them; nor how any such panic attacks affected her ability to work"[;] [w]hile the ALJ did not need to discuss every piece of evidence in the record, the adequate resolution of the panic attacks issue was crucial to determining [claimant's] disability in this case."). As in *Lorena*, "[t]he issue here is that it is not clear whether and to what extent the ALJ rejected [Plaintiff's] claims of panic attacks." 2020 WL 977967, at *4. Without the missing link regarding Plaintiff's panic attack symptoms, there is no way to assess whether panic attacks might cause Plaintiff to exceed permissible time off task during work shifts. *See* (R. 75-76 (vocational expert testified "an individual can be off task" at most ten percent of the workday, "and that time's spread out the entire work shift, not taken all at once")); *Melissa S. v. Kijakazi*, No. 2:21cv358, 2022 WL 4463346, at *6 (N.D. Ind. Sept. 26, 2022) (remanding where ALJ found claimant's panic symptoms to be less severe than alleged but did not explain what was inconsistent).

    The Court expresses no opinion on Plaintiff's remaining arguments, or the decision to be made on remand except to reiterate that the ALJ must build a logical bridge between the evidence

7

in the record and her ultimate conclusions, whatever they may be, on the issues pertinent to Plaintiff's disability determination, which likely include Plaintiff's panic attacks, suicidal ideation, treatments, and social anxiety or isolation.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment (Dkt. 15) is granted, and the Commissioner's motion (Dkt. 19) is denied. The decision of the Commissioner is reversed, and the case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

ENTERED: September 5, 2024

                                              Hon. Keri L. Holleb Hotaling
United States Magistrate Judge